# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CR 116-009 |
| YANCEY ROBERTSON, | * | |
| Defendant. | * | |

## O R D E R

Before the Court is Defendant Yancey Robertson's Motion to Dismiss the Petition to Revoke [Defendant's] Supervised Release. (Doc. 15.) Defendant Yancey Robertson was convicted of a crime in the United States District Court for the District of Kansas for which he was sentenced to a term of imprisonment to be followed by a term of supervised release. (See United States v. Robertson, 2:11-CR-20092-CM-2 (D. Kan. May 29, 2012).) On December 23, 2016, Defendant - while serving his term of supervised release - was arrested by the Sheriff's Office of Richmond County, Georgia, for aggravated assault and false imprisonment. Defendant was held in state custody on those charges until his initial appearance in the present action on May 30, 2017. On July 6, 2017, the United States Magistrate Judge concluded that: (a) probable cause existed as to the alleged violations that form the basis of the petition for revocation; and (b) Defendant failed to carry his burden to demonstrate that his detention pending hearing was

inappropriate. (See Doc. 13.) On September 14, 2017, Defendant filed his present motion to dismiss, asserting that the approximately four-month delay between his detainment and forthcoming final revocation hearing is unreasonable. (Doc. 15.)

"The Sixth Amendment provides that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial.'" Castillo v. Florida, 630 F. App'x 1001, 1006 (11th Cir. 2015) (alterations in original) (quoting U.S. Const. Amend. VI). Yet "revocation hearings are not criminal prosecutions under the Sixth Amendment and thus, the defendant is not constitutionally guaranteed a speedy hearing." United States v. Taylor, 931 F.2d 842, 848 (11th Cir. 1991) (citing Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973)). Nonetheless, the due process rights of an individual on supervised release may be implicated where there is a significant delay in conducting the final revocation hearing. See Gagnon, 411 U.S. at 781-82. Indeed, unless waived by a defendant, "the court must hold the revocation hearing within a reasonable time." Fed. R. Crim. P. 32.1(b)(2); see also Morrissey v. Brewer, 408 U.S. 471, 488 (1972) ("The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody."); United States v. Dempsey, 479 F. App'x. 935, 937 (11th Cir. 2012) (timeframe in which to conduct revocation hearing begins to run when defendant is transferred to federal custody, not

2

when he was arrested for state crime). While the Eleventh Circuit has not formally announced a framework for addressing due process challenges in regards to the timeliness of revocation hearings, it has considered "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." Castillo v. Florida, 630 F. App'x 1001, 1007 (11th Cir. 2015) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972) and United States v. Taylor, 931 F.2d 842, 848 (11th Cir. 1991)).

Here, the four-month delay between Defendant's detention and final revocation hearing was not unreasonable. See, e.g., Dempsey, 479 F. App'x. at 937 (three-month delay not unreasonable); Parrish v. Wainwright, 614 F.2d 1028, 1029 (5th Cir. 1980) (same); United States v. Harris, 674 F. App'x. 185, 188 (3d Cir. 2017) (nine-month delay not unreasonable); United States v. Scott, 850 F.2d 316, 320 (7th Cir. 1988) (thirteen-month delay not unreasonable); but see United States v. Pagan-Rodriguez, 600 F.3d 39, 42 (1st Cir. 2010) (twelve-month delay was unreasonable). Nevertheless, even assuming that Defendant could demonstrate that the interval was unreasonable, Defendant's motion to dismiss would still fail because he has not demonstrated prejudice to his ability to vigorously contest the violations that form the basis of the petition for revocation. See, e.g., United States v. Taylor, 931 F.2d 842, 848 (11th Cir. 1991) ("[D]efendant suffered no harm by the one

3

year delay because it did not deny him the opportunity to vigorously contest the violation."). Contrary to his conclusion that he "is currently being prejudiced as a result of this delay because the evidence is becoming stale," Defendant admits that "he has located a number of witnesses ready and able to testify on his behalf." (Doc. 15, at 2.) Indeed, Defendant's inchoate fears that "witnesses may move or be unable to be located" have yet – and likely never will – come to fruition given that Defendant's final revocation hearing is presently scheduled for October 2, 2017. (See Doc. 16.) Moreover, while Defendant claims that he has been prejudiced "because of the mental anxiety this legal limbo imposes" (id.), such conclusory assertions are insufficient to constitute proof of actual prejudice. See Scott, 850 F.2d at 321 ("Unfortunately, anxiety and anguish are an inevitable result of criminal prosecution and imprisonment. Therefore, to show that the government's delay prejudiced him in a constitutionally significant sense, [a defendant] must offer evidence of anxiety beyond that which reasonably corresponds with a criminal prosecution, conviction, and imprisonment." (internal quotations and citations omitted)). Therefore, on balance, Defendant has failed to demonstrate a violation of Rule 32.1(b) or his right to due process that would necessitate the granting of his motion to dismiss the present revocation proceedings.

Accordingly, upon the foregoing and due consideration, the Court **DENIES** Defendant's motion to dismiss the petition for revocation of supervised release (doc. 15).

**ORDER ENTERED** at Augusta, Georgia, this 19th day of September, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA